IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, | Case No. 1:22-cv-03609 |
| Plaintiff, | Hon. Judge Sharon J. Coleman |
| vs. | Courtroom 1241 |
| P.O. RYAN PEREZ and P.O. JERALD CARLTON, individually, and the VILLAGE OF DOLTON, a Municipal Corporation, | |
| Defendants. | *Jury Trial Demanded* |

## DEFENDANT VILLAGE OF DOLTON'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Village of Dolton (the "Village"), by and through its attorneys, Del Galdo Law Group, LLC, and for its Answer and Affirmative Defenses to the Plaintiff Cara Wilson's ("Plaintiff") Complaint, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson, deceased, accomplished by acts and/or omissions of the Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, individually, and VILLAGE OF DOLTON, a municipal corporation, committed under color of law.

**ANSWER:** **The Village admits the existence of 42 U.S.C. § 1983 and § 1988 but denies that the rights of Alexis Wilson (hereinafter "Wilson") thereunder were violated in any manner by the Village, P.O. Perez or P.O. Carlton. The Village further states that P.O. Jerad Carlton is incorrectly referred to as "Gerald Carlton" throughout this Complaint.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as this

1

matter involves issues of federal law, and supplemental jurisdiction of the State of Illinois.

**ANSWER:** **The Village admits the allegations contained within Paragraph No. 2.**

3. This Court has personal jurisdiction over Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, because they are both employed by the Dolton Police Department, and thereby residents of the State of Illinois.

**ANSWER:** **The Village denies that P.O. Carlton is a resident of the State of Illinois but admits the remaining allegations contained within Paragraph No. 3.**

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because all Defendants reside or are located in this district.

**ANSWER:** **The Village admits that venue is proper under 28 U.S.C. § 1391(b)(1).**

## PARTIES

5. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson ("the Plaintiff"), was at all relevant times a resident of Homewood, Illinois.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 5.**

6. The Plaintiff, CARA WILSON, is the mother of Alexis Wilson, deceased.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 6.**

7. Alexis Wilson was 19 years old at the time of her death.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No.7.**

8. At all relevant times, Alexis Wilson was a resident of the State of Illinois.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny**

the allegations contained within Paragraph No. 8.

9. The Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, were at all relevant times duly appointed law enforcement officers employed by the Defendant, VILLAGE OF DOLTON, and acting within the scope of their employment and under color of law.

**ANSWER: The Village admits that at all times pertinent hereto, P.O. Perez and P.O. Carlton were duly appointed police officers in the Village of Dolton acting under color of law and within the scope of their employment. The Village, however, denies that either P.O. Perez or P.O. Carlton at any point violated any law, engaged in any misconduct, or are otherwise liable to Plaintiff with respect to any of the events alleged in the Complaint.**

**COUNT I – EXCESSIVE FORCE | P.O. PEREZ**

10. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-9 as his respective allegations of Paragraph 10 as though fully set for herein.

**ANSWER: The Village restates and incorporates its Answers to Paragraph Nos. 1 – 9 as its Answer to Paragraph No. 10 as if fully restated herein.**

11. On or about July 27, 2021, Alexis Wilson was driving a vehicle in Dolton, Illinois and went to a drive-thru of Baba's Restaurant.

**ANSWER: The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 11.**

12. At Baba's Restaurant, a verbal dispute arose between Alexis Wilson and an employee of Baba's Restaurant.

**ANSWER: The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 12.**

13. The Baba's employee called the police.

**ANSWER:** **The Village admits the allegations contained within Paragraph No. 13.**

14. Dolton Police officers, now known to be Defendants P.O. PEREZ and P.O. CARLTON, arrived at the restaurant and spoke with Alexis Wilson and her passenger.

**ANSWER:** **The Village admits the allegations contained within Paragraph No. 14.**

15. Defendants ordered Alexis Wilson and her passenger out of the car.

**ANSWER:** **The Village admits the allegations contained within Paragraph No. 15.**

16. The passenger exited but Alexis Wilson initially refused, informing P.O. PEREZ that she was not properly dressed and questioning why the police were called.

**ANSWER:** **The Village admits that the passenger exited after being ordered to do so by the responding Officers. The Village further admits that Wilson informed him that she was naked. The Village denies the remaining allegations contained in Paragraph No. 16.**

17. In response to Alexis Wilson's hesitation, Defendant P.O. PEREZ opened the vehicle driver's door and started punching Alexis Wilson.

**ANSWER:** **The Village admits that P.O. Perez opened the vehicle driver's door after Wilson resisted his multiple lawful commands to exit the vehicle but denies the remaining allegations contained in Paragraph No. 17.**

18. In fear for her safety, Alexis Wilson began to drive away.

**ANSWER:** **The Village admits that Wilson resisted the lawful commands of the Defendant Officers and drove off in her vehicle but denies the remaining allegations contained in Paragraph No. 18.**

19. Alexis Wilson's actions did not cause any imminent risk of serious or deadly harm to P.O. PEREZ or any other person.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 19.**

20. Said use of force was unprovoked and unwarranted.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 20.**

21. Defendant P.O. PEREZ's actions were intentional, willful, and wanton.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 21.**

22. As a result of the actions of the Defendant P.O. PEREZ, Alexis Wilson was physically injured.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 22.**

23. Said actions of the Defendant P.O. PEREZ were in violation of Alexis Wilson's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 23.**

24. As a result of said actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced pain, suffering, fear, anxiety, and emotional distress.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 24.**

## COUNT II – BATTERY | STATE LAW | P.O. PEREZ

25. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-22 as her respective allegations of Paragraph 25 of Count II as though fully set forth herein.

**ANSWER:** **The Village restates and incorporates its Answers to Paragraph Nos. 1 – 22 as its Answer to Paragraph No. 25 of Count II as if fully restated herein.**

26. Defendant P.O. PEREZ's actions constitutes battery under Illinois law.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 26.**

27. As a result of the actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced physical injuries, pain and suffering, emotional distress and fear.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 27.**

## COUNT III – EXCESSIVE FORCE | P.O. CARLTON

28. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-19 as her respective allegations of Paragraph 28 of Count III as though fully set forth herein.

**ANSWER:** **The Village restates and incorporates its Answers to Paragraph Nos. 1 – 19 as its Answer to Paragraph No. 28 of Count III as if fully restated herein.**

29. In response to Alexis Wilson's attempts to drive away, the Defendant P.O. CARLTON fired his gun at Alexis Wilson.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 29.**

30. Defendant P.O. Carlton fired his weapon several times at Alexis Wilson.

**ANSWER:** **The Village admits that P.O. Carlton fired his weapon several times in response to being dragged by Wilson and her vehicle while Wilson was fleeing from the scene in violation of the lawful commands of the Defendant Officers. The Village further denies that P.O. Carlton at any point violated any law, engaged in any misconduct, violated Wilson's rights, or is otherwise liable to Plaintiff with respect to any of the events alleged in the Complaint.**

31. Alexis Wilson's reaction in pulling away did not warrant the use of deadly force.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 31.**

32. Defendant P.O. CARLTON's actions were intentional, willful, and wanton.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 32.**

33. Said use of deadly force was unprovoked and unwarranted.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 33.**

34. Said use of deadly force was disproportional to the circumstances.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 34.**

35. Said actions of P.O. CARLTON were the cause of Alexis Wilson's death.

**ANSWER: The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 35.**

36. The actions of P.O CARLTON were unreasonable.

**ANSWER: The Village denies the allegations contained within Paragraph No. 36.**

37. The actions of P.O. CARLTON were excessive.

**ANSWER: The Village denies the allegations contained within Paragraph No. 37.**

38. Subsequently, the VILLAGE OF DOLTON fabricated a story to cover up the unlawful acts of its officers, P.O. CARLTON and P.O. PEREZ.

**ANSWER: The Village denies the allegations contained within Paragraph No. 38.**

39. Said actions of P.O. CARLTON violated Alexis Wilson's Fourth and Fourteenth Amendment rights.

**ANSWER: The Village denies the allegations contained within Paragraph No. 39.**

40. As a result of Defendant P.O. CARLTON's actions, the decedent, Alexis Wilson, experienced pain and suffering, loss of life, monetary loss, fear and anxiety.

**ANSWER: The Village denies the allegations contained within Paragraph No. 40.**

### COUNT IV – BATTERY | STATE LAW | P.O. CARLTON

41. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-19 and paragraphs 29-36 as her respective allegations of Paragraph 41 of Count IV as though fully set forth herein.

**ANSWER: The Village restates and incorporates its Answers to Paragraph Nos. 1 – 19 and Paragraph Nos. 29 –36 as its Answer to Paragraph No. 41 of Count IV as if fully restated herein.**

42. The actions of P.O. CARLTON constitute battery under Illinois law.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 42.**

## COUNT V – WRONGFUL DEATH | P.O. CARLTON

43. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-19 and 29-37 as her respective allegations of Paragraph 43 of Count V as though fully set forth herein.

**ANSWER:** **The Village restates and incorporates its Answers to Paragraph Nos. 1 – 19 and Paragraph Nos. 29 –37 as its Answer to Paragraph No. 43 of Count V as if fully restated herein.**

44. Cara Wilson is the mother of Alexis Wilson, deceased.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 44.**

45. Alonzo Wilson is the father of Alexis Wilson, deceased.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 45.**

46. Cara Wilson and Alonzo Wilson are the primary beneficiaries in this action pursuant to 755 ILCS 5/2-1.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 46.**

47. In addition to Cara and Alonzo Wilson, the following persons may be entitled by law to recover damages: Christian Ellis, Aliyah Wilson, Alonzo Wilson Jr., and Jasmine Wilson-Williams.

**ANSWER:** **The Village lacks sufficient knowledge or information to either admit or**

**deny the allegations contained within Paragraph No. 47.**

48. On or about July 27, 2021, Defendant P.O. CARLTON's actions caused the wrongful death of Alexis Wilson, in violation of ILCS 740 ILCS 180/1 et. seq. when Defendant P.O. CARLTON discharged his firearm at Alexis Wilson.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 48.**

49. As a direct and proximate result of Defendant's wrongful acts as alleged above, Alexis Wilson died from multiple gunshot wounds.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 49.**

50. As a result, Alexis Wilson suffered loss of life, loss of enjoyment of life, pain and suffering, and monetary loss.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 50.**

51. As a direct and proximate result of the wrongful death of Alexis Wilson, Cara Wilson and Alonzo Wilson sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, and loss of filial care.

**ANSWER:** **The Village denies the allegations contained within Paragraph No. 51.**

## COUNT VI – SURVIVAL ACTION

The Village states that it has filed a Motion to Dismiss Count VI pursuant to Federal Civil Procedure Rule 12(b)(c). To an extent that an answer is required at this time, the Village denies each and every allegation contained in Count VI.

## COUNT VII – INDEMNIFICATION

52. The Plaintiff, CARA WILSON, on behalf of the Estate of Alexis Wilson, deceased, hereby re-alleges and incorporates all her allegations of Counts I through VI as her respective allegations of Paragraph 56 of Count VII as though fully set forth herein.

**ANSWER: The Village restates and incorporates its Answers to Counts I through VI as its Answer to Paragraph No. 56 of Count VII as if fully restated herein.**

53. Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: The Village admits the allegations but denies that either the Village, P.O. Perez or P.O. Carlton at any point violated any law, engaged in any misconduct, or are otherwise liable to Plaintiff with respect to any of the events alleged in the Complaint.**

54. Defendants P.O. PEREZ and P.O. CARLTON were, in July 2021, employees of the VILLAGE OF DOLTON Police Department.

**ANSWER: The Village admits that at all relevant times P.O. Perez and P.O. Carlton were employees of the Village of Dolton Police Department. The Village, however, denies that either P.O. Perez or P.O. Carlton at any point violated any law, engaged in any misconduct, or are otherwise liable to Plaintiff with respect to any of the events alleged in this Complaint.**

55. In the above-described events, Defendants P.O. PEREZ and P.O. CARLTON acted within the scope of their employment.

**ANSWER: The Village admits that at all relevant times P.O. Perez and P.O. Carlton were acting within the scope of their employment. The Village, however, denies that either P.O. Perez or P.O. Carlton at any point violated any law, engaged in any misconduct, or are otherwise liable to Plaintiff with respect to any of the events alleged in this Complaint.**

56. If Defendants P.O. PEREZ and P.O. CARLTON are found liable for any of the acts alleged above, the Defendant VILLAGE OF DOLTON would be liable to pay the Plaintiff any judgment obtained against Defendants P.O. PEREZ and P.O. CARLTON.

**ANSWER: The Village admits that if P.O. Perez or P.O. Carlton are found liable to**

**Plaintiff, the Village would be required to pay compensatory damages against P.O. Perez or P.O. Carlton pursuant to the limitations stated in the Tory Immunity Act.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-109)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, the Village was a local public entity as defined under the Act. 745 ILCS 10/1-206.

3. Under Section 2-109 of the Act, a local public entity cannot be held liable to a plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

4. Accordingly, Plaintiff's state law claims against the Village are barred, either in whole or in part, under section 2-109 of the Act.

### AFFIRMATIVE DEFENSE NO. 2
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-204)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, the Village was a local public entity as defined under the Act. 745 ILCS 10/1-206.

3. Under Section 2-204 of the Act, a local public entity cannot be held liable to a plaintiff because a public employee cannot be held liable to a plaintiff for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Accordingly, Plaintiff's state law claims against the Village are barred, either in whole or in part, under section 2-204 of the Act.

## AFFIRMATIVE DEFENSE NO. 3
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-202)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, the Village was a local public entity as defined under the Act. 745 ILCS 10/1-206.

3. Under Section 2-202 of the Act, a local public entity cannot be held liable to a plaintiff because a public employee cannot be held liable to a plaintiff for acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful or wanton conduct. 745 ILCS 10/2-202.

4. At all times relevant, P.O. Perez and P.O. Carlton were executing and enforcing the law.

5. At all times relevant, any acts or omissions committed by P.O. Perez and P.O. Carlton did not constitute willful or wanton conduct.

6. Accordingly, Plaintiff's state law claims against the Village are barred, either in whole or in part, under section 2-202 the Act.

## AFFIRMATIVE DEFENSE NO. 4
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-201)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, the Village was a local public entity as defined under the Act. 745 ILCS 10/1-206.

3. Under Section 10/2-201 of the Act, a local public entity cannot be held liable to a plaintiff because an individual defendant officer cannot be held liable to a plaintiff for acts or omissions committed while exercising discretion in a non-ministerial matter. 745 ILCS 10/2-201.

4. At all times relevant, P.O. Perez and P.O. Carlton were exercising discretion in a non-ministerial matter.

5. Accordingly, Plaintiff's state law claims against the Village are barred, either in whole or in part, under section 2-201 the Act.

## AFFIRMATIVE DEFENSE NO. 5
### (Qualified Immunity)

1. At all relevant times relevant hereto, P.O. Perez and P.O. Carlton were acting in their official capacities as police officers for the Village and were not at any point acting in their individual capacities.

2. Police Officers acting in their official capacities on behalf of a municipality are entitled to qualified immunity for their acts or omissions.

3. The Village is derivatively entitled to immunity. 745 ILCS 10/2-109.

4. Accordingly, Plaintiff's claims against the Village are barred, either in whole or in part, by qualified immunity.

## AFFIRMATIVE DEFENSE NO. 6
### (Comparative Negligence)

1. Plaintiff at all times relevant hereto had a duty to exercise care and caution for her safety.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, either in whole or in part, by Plaintiff's own negligent, willful, wanton and/or other wrongful

conduct, any verdict or judgment obtained by Plaintiff against the Village must be reduced by application of the principles of comparative fault.

3. Such reduction must be in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

### AFFIRMATIVE DEFENSE NO. 7
**(Failure to Mitigate)**

1. Plaintiff at all times relevant hereto had a duty to take all reasonable actions and make all reasonable efforts to mitigate her alleged damages.

2. To the extent Plaintiff failed to mitigate her alleged damages, any award obtained by Plaintiff against the Village must be eliminated or reduced in proportion with the amounts by which Plaintiff failed to mitigate her alleged damages in this case.

WHEREFORE, the Village of Dolton, prays that this Honorable Court enter an order of judgment in favor of the Village of Dolton and against the Plaintiff, denying any and all damages sought by the Plaintiff, and for such other and further relief to the Village of Dolton as this Honorable Court deems just and proper.

Respectfully submitted,
**VILLAGE OF DOLTON**

By: */s/ Mary Israel*
Mary Israel
*One of the Village's Attorneys*

K. Austin Zimmer │ zimmer@dlglawgroup.com (#6276227)
Sean A. Sullivan │ sullivan@dlglawgroup.com (#6204611)
Michael A. Albert │ albert@dlglawgroup.com (#6320206)
Mary Israel │ israel@dlglawgroup.com (#6340855)
**DEL GALDO LAW GROUP, LLC**
1441 S. Harlem Avenue
Berwyn, IL 60402
(t) 708-222-7000 │ (f) 708-222-7001
*Attorneys for the Village of Dolton*