IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, | Case No. 1:22-cv-03609 |
| Plaintiff, | Hon. Judge Sharon J. Coleman |
| vs. | Courtroom 1241 |
| P.O. RYAN PEREZ and P.O. JERALD CARLTON, individually, and the VILLAGE OF DOLTON, a Municipal Corporation, | |
| Defendants. | *Jury Trial Demanded* |

**DEFENDANT P.O. RYAN PEREZ'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, P.O. Ryan Perez ("P.O. Perez"), by and through his attorneys, Del Galdo Law Group, LLC, and for his Answer and Affirmative Defenses to the Plaintiff Cara Wilson's ("Plaintiff") Complaint, states as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson, deceased, accomplished by acts and/or omissions of the Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, individually, and VILLAGE OF DOLTON, a municipal corporation, committed under color of law.

**ANSWER:** P.O. Perez admits the existence of 42 U.S.C. § 1983 and § 1988 but denies that the rights of Alexis Wilson (hereinafter "Wilson") thereunder were violated in any manner by the Village, himself or P.O. Carlton. P.O. Perez further states that P.O. Jerad Carlton is incorrectly referred to as "Gerald Carlton" throughout this Complaint.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as this

matter involves issues of federal law, and supplemental jurisdiction of the State of Illinois.

**ANSWER:** **P.O. Perez admits the allegations contained within Paragraph No. 2.**

3. This Court has personal jurisdiction over Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, because they are both employed by the Dolton Police Department, and thereby residents of the State of Illinois.

**ANSWER:** **P.O. Perez denies that P.O. Carlton is a resident of the State of Illinois but admits the remaining allegations contained within Paragraph No. 3.**

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because all Defendants reside or are located in this district.

**ANSWER:** **P.O. Perez admits that venue is proper under 28 U.S.C. § 1391(b)(1).**

## PARTIES

5. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson ("the Plaintiff"), was at all relevant times a resident of Homewood, Illinois.

**ANSWER:** **P.O. Perez lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 5.**

6. The Plaintiff, CARA WILSON, is the mother of Alexis Wilson, deceased.

**ANSWER:** **P.O. Perez lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 6.**

7. Alexis Wilson was 19 years old at the time of her death.

**ANSWER:** **P.O. Perez lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No.7.**

8. At all relevant times, Alexis Wilson was a resident of the State of Illinois.

**ANSWER:** **P.O. Perez lacks sufficient knowledge or information to either admit or deny**

the allegations contained within Paragraph No. 8.

9. The Defendants, P.O. RYAN PEREZ and P.O. GERALD CARLTON, were at all relevant times duly appointed law enforcement officers employed by the Defendant, VILLAGE OF DOLTON, and acting within the scope of their employment and under color of law.

**ANSWER: P.O. Perez admits that at all times pertinent hereto, he and P.O. Carlton were duly appointed police officers in the Village of Dolton acting under color of law and within the scope of their employment. P.O. Perez, however, denies that either he or P.O. Carlton at any point violated any law, engaged in any misconduct, or are otherwise liable to Plaintiff with respect to any of the events alleged in the Complaint.**

## COUNT I – EXCESSIVE FORCE | P.O. PEREZ

10. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-9 as his respective allegations of Paragraph 10 as though fully set for herein.

**ANSWER: P.O. Perez restates and incorporates his Answers to Paragraph Nos. 1 – 9 as his Answer to Paragraph No. 10 as if fully restated herein.**

11. On or about July 27, 2021, Alexis Wilson was driving a vehicle in Dolton, Illinois and went to a drive-thru of Baba's Restaurant.

**ANSWER: P.O. Perez lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 11.**

12. At Baba's Restaurant, a verbal dispute arose between Alexis Wilson and an employee of Baba's Restaurant.

**ANSWER: P.O. Perez lacks sufficient knowledge or information to either admit or deny the allegations contained within Paragraph No. 12.**

13. The Baba's employee called the police.

**ANSWER: P.O. Perez lacks sufficient knowledge or information to either admit or deny**

the allegations contained within Paragraph No. 13.

16. Dolton Police officers, now known to be Defendants P.O. PEREZ and P.O. CARLTON, arrived at the restaurant and spoke with Alexis Wilson and her passenger.

**ANSWER:** **P.O. Perez admits the allegations contained within Paragraph No. 14.**

15. Defendants ordered Alexis Wilson and her passenger out of the car.

**ANSWER:** **P.O. Perez admits the allegations contained within Paragraph No. 15.**

16. The passenger exited but Alexis Wilson initially refused, informing P.O. PEREZ that she was not properly dressed and questioning why the police were called.

**ANSWER:** **P.O. Perez admits that the passenger exited after being ordered to do so by the responding Officers. P.O. Perez further admits that Wilson informed him that she was naked. P.O. Perez denies the remaining allegations contained in Paragraph No. 16.**

17. In response to Alexis Wilson's hesitation, Defendant P.O. PEREZ opened the vehicle driver's door and started punching Alexis Wilson.

**ANSWER:** **P.O. Perez admits that he opened the vehicle driver's door after Wilson resisted his multiple lawful commands to exit the vehicle but denies the remaining allegations contained in Paragraph No. 17.**

18. In fear for her safety, Alexis Wilson began to drive away.

**ANSWER:** **P.O. Perez admits that Wilson resisted the lawful commands of the Defendant Officers and drove off in her vehicle but denies the remaining allegations contained in Paragraph No. 18.**

19. Alexis Wilson's actions did not cause any imminent risk of serious or deadly harm to P.O. PEREZ or any other person.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 19.**

20. Said use of force was unprovoked and unwarranted.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 20.**

21. Defendant P.O. PEREZ's actions were intentional, willful, and wanton.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 21.**

22. As a result of the actions of the Defendant P.O. PEREZ, Alexis Wilson was physically injured.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 22.**

23. Said actions of the Defendant P.O. PEREZ were in violation of Alexis Wilson's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 23.**

24. As a result of said actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced pain, suffering, fear, anxiety, and emotional distress.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 24.**

## COUNT II – BATTERY | STATE LAW | P.O. PEREZ

25. The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-22 as her respective allegations of Paragraph 25 of Count II as though fully set forth herein.

**ANSWER:** **P.O. Perez restates and incorporates his Answers to Paragraph Nos. 1 – 22 as his Answer to Paragraph No. 25 of Count II as if fully restated herein.**

26. Defendant P.O. PEREZ's actions constitutes battery under Illinois law.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 26.**

27. As a result of the actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced physical injuries, pain and suffering, emotional distress and fear.

**ANSWER:** **P.O. Perez denies the allegations contained within Paragraph No. 27.**

## COUNT III – EXCESSIVE FORCE | P.O. CARLTON

Defendant P.O. Perez offers no response to the allegations contained in Count III as the allegations contained in Count III are not directed at this Defendant. To the extent the allegations may be construed as alleged against this Defendant, P.O. Perez denies the allegations contained in Count III.

## COUNT IV – BATTERY | STATE LAW | P.O. CARLTON

Defendant P.O. Perez offers no response to the allegations contained in Count IV as the allegations contained in Count IV are not directed at this Defendant. To the extent the allegations may be construed as alleged against this Defendant, P.O. Perez denies the allegations contained in Count IV.

## COUNT V – WRONGFUL DEATH | P.O. CARLTON

Defendant P.O. Perez offers no response to the allegations contained in Count V as the allegations contained in Count V are not directed at this Defendant. To the extent the allegations may be construed as alleged against this Defendant, P.O. Perez denies the allegations contained in Count V.

## COUNT VI – SURVIVAL ACTION

Defendant P.O. Perez states that he has filed a Motion to Dismiss Count VI pursuant to Federal Civil Procedure Rule 12(b)(c). To an extent that an answer is required at this time, P.O. Perez denies each and every allegation contained in Count VI.

## COUNT VII – INDEMNIFICATION

Defendant P.O. Perez offers no response to the allegations contained in Count VII as the allegations contained in Count VII are not directed at this Defendant. To the extent the allegations may be construed as alleged against this Defendant, P.O. Perez denies the allegations contained in Count VII.

# DEFENDANT'S AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-204)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, P.O. Perez was a public employee as defined under the Act. 745 ILCS 10/1-207.

3. Under Section 2-204 of the Act, a public employee cannot be held liable to a plaintiff because a public employee cannot be held liable to a plaintiff for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Accordingly, Plaintiff's state law claims against P.O. Perez are barred, either in whole or in part, under section 2-204 of the Act.

### AFFIRMATIVE DEFENSE NO. 2
### (Local Governmental and Governmental Employees Tort Immunity Act)
### (745 ILCS 10/2-202)

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, P.O. Perez was a public employee as defined under the Act. 745 ILCS 10/1-207.

3. Under Section 2-202 of the Act, a public employee cannot be held liable to a plaintiff for acts or omissions committed in the execution or enforcement of any law, unless such acts or omissions constitute willful or wanton conduct. 745 ILCS 10/2-202.

4. At all times relevant, P.O. Perez was executing and enforcing the law.

5. At all times relevant, any acts or omissions committed by P.O. Perez did not constitute willful or wanton conduct.

6. Accordingly, Plaintiff's state law claims against P.O. Perez are barred, either in whole or in part, under section 2-202 the Act.

**AFFIRMATIVE DEFENSE NO. 3**
**(Local Governmental and Governmental Employees Tort Immunity Act)**
**(745CS 10/2-201)**

1. At all times relevant hereto, there was in effect in Illinois a statute commonly known as the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"), 745 ILCS 10/1, *et. seq*.

2. At all times relevant hereto, P.O. Perez was a public employee as defined under the Act. 745 ILCS 10/1-207.

3. Under Section 10/2-201 of the Act, an individual defendant officer cannot be held liable to a plaintiff for acts or omissions committed while exercising discretion in a non-ministerial matter. 745 ILCS 10/2-201.

4. At all times relevant, P.O. Perez was a police officer for the Village exercising discretion in a non-ministerial matter.

5. Accordingly, Plaintiff's state law claims against P.O. Perez are barred, either in whole or in part, under section 2-201 the Act.

**AFFIRMATIVE DEFENSE NO. 4**
**(Qualified Immunity)**

1. At all relevant times relevant hereto, P.O. Perez was acting in his official capacities as a police officer for the Village and was not at any point acting in his individual capacity.

2. Police Officers acting in their official capacities on behalf of a municipality are

entitled to qualified immunity for their acts or omissions.

3. Accordingly, Plaintiff's claims against P.O. Perez are barred, either in whole or in part, by qualified immunity.

**AFFIRMATIVE DEFENSE NO. 5**
**(Comparative Negligence)**

1. Plaintiff at all times relevant hereto had a duty to exercise care and caution for her safety.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, either in whole or in part, by Plaintiff's own negligent, willful, wanton and/or other wrongful conduct, any verdict or judgment obtained by Plaintiff against P.O. Perez must be reduced by application of the principles of comparative fault.

3. Such reduction must be in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

**AFFIRMATIVE DEFENSE NO. 6**
**(Failure to Mitigate)**

1. Plaintiff at all times relevant hereto had a duty to take all reasonable actions and make all reasonable efforts to mitigate her alleged damages.

2. To the extent Plaintiff failed to mitigate her alleged damages, any award obtained by Plaintiff against P.O. Perez must be eliminated or reduced in proportion with the amounts by which Plaintiff failed to mitigate her alleged damages in this case.

WHEREFORE, P.O. Ryan Perez prays that this Honorable Court enter an order of judgment in favor of P.O. Ryan Perez and against the Plaintiff, denying any and all damages sought by the Plaintiff, and for such other and further relief to P.O. Ryan Perez as this Honorable Court deems just and proper.

Respectfully submitted,
**P.O. RYAN PEREZ**

By: */s/ Mary Israel*
Mary Israel
*One of P.O. Perez's Attorneys*

K. Austin Zimmer│zimmer@dlglawgroup.com (#6276227)
Sean A. Sullivan │sullivan@dlglawgroup.com (#6204611)
Michael A. Albert│albert@dlglawgroup.com (#6320206)
Mary Israel │israel@dlglawgroup.com (#6340855)
**DEL GALDO LAW GROUP, LLC**
1441 S. Harlem Avenue
Berwyn, IL 60402
(t) 708-222-7000│(f) 708-222-7001
*Attorneys for P.O. Perez*