UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARA WILSON, as Independent Administrator ) of the Estate of ALEXIS WILSON, deceased, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> P.O. RYAN PEREZ and P.O. JARED ) <br> CARLTON, individually, and the ) <br> VILLAGE OF DOLTON, a Municipal ) <br> Corporation, ) <br> ) <br> Defendants. ) | Case No. 1:22-CV-03609 <br><br> Honorable Judge Sharon J. Coleman <br><br><br><br><br> JURY DEMAND |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO STRIKE THE REQUESTS FOR PUNITIVE DAMAGES

**Now Comes** the Plaintiff, Cara Wilson, as Independent Administrator of the Estate of Alexis Wilson, deceased, ("Plaintiff" or "Ms. Wilson"), by and through her attorneys, Gregory E. Kulis & Associates, Ltd., and in support of her Response in Opposition to Defendants' ("Defendant Officers") Rule 12(b)(6) Motion to Dismiss Count VI and to Strike the Requests for Punitive Damages in Counts II, IV, and V of Plaintiff's Complaint (Dkt. 1), states the following:

### Introduction & Background

Plaintiff, Cara Wilson, as Independent Administrator of the Estate of Alexis Wilson, deceased, brings a seven-count complaint for (I) excessive force against P.O. Perez, (II) a state-law battery claim against P.O. Perez, (III) excessive force against P.O. Carlton, (IV) a state-law battery claim against P.O. Carlton, (V) a claim for wrongful death against P.O. Carlton, (VI) a claim under the Survival Act, and (VII) a claim for indemnification against the Village of Dolton.

Plaintiff brings these claims as a result of the actions and/or omissions of Defendant Officers Ryan Perez and Jared Carlton, causing the death of her daughter, Alexis Wilson. On July

1

27, 2021, Alexis Wilson was in her vehicle with a passenger in the drive-thru of Baba's Restaurant in Dolton, Illinois, when a conflict arose between Alexis Wilson and an employee of Baba's.

Police were called to investigate and made contact with Alexis Wilson and her passenger. While the passenger exited the vehicle, Alexis Wilson refused, as she was not properly dressed. In response, Defendant Perez attempted to pull Alexis Wilson from her vehicle by force, striking her in the process.

Alexis Wilson, in fear for her safety, began to drive away from Defendant Perez. In response to this non-aggressive and non-threatening act, Defendant Carlton fired his service weapon at Alexis Wilson, causing her pain and suffering, and ultimately ending her life. These actions and/or omission violated the civil rights of Alexis Wilson, resulting in the current action at bar.

## Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown v. Budz*, 398 F.3d 904, 908-909 (7th Cir. 2005). "If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Id.* at 909.

## Argument

I. **The Survival Action (Count VI) States a Legally Sufficient Cause of Action Because it Accounts for the Claims of Battery (Counts II and IV), Wrongful Death (Count V), and Excessive Force (Counts I and III) Against Defendant Officers for Their Malfeasance**

Defendants argue that the Survival Action does not state an independent cause of action upon which relief can be granted. However, generally, while common law torts do not survive the injured party's death, they may survive by virtue of the Survival Act (*Padgett v. Riden*, No. 04-cv-4078-JPG, 2005 U.S. Dist. LEXIS 23878 at *4 (S.D. Ill. Oct. 13, 2005)), which states, in pertinent part:

> In addition to the actions which survive by the common law, the following also survive: . . . actions to recover damages for an injury to the person [and] . . . actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies . . . . 755 ILCS 5/27-6.

This case falls into both categories cited above: a personal injury action, for two counts of battery and one count of wrongful death, and an action against Defendant Officers for malfeasance. The Survival Act is remedial in nature and should therefore be liberally construed. *Beard v. Robinson*, 563 F.2d 331, 333 (7th Cir. 1977).

With regard to the first category referenced above, Counts II and IV, battery claims against Defendants Perez and Carlton, respectively, and Count V for wrongful death, are common law torts which allow Plaintiff to recover damages for injuries sustained by her daughter, the decedent, Alexis Wilson, after the injuries were inflicted and which she suffered from prior to her death. Whether Alexis Wilson suffered from the injuries that were inflicted prior to her death is a question of fact to be resolved by a jury, and not to be decided upon a motion to dismiss.

With regard to the second category referenced above, Plaintiff sufficiently alleges facts to put Defendant Officers on notice of her Survival Action claim for officer malfeasance. In her Complaint, Plaintiff alleges that Defendant "Perez's actions were intentional, willful, and wanton." Plaintiff's Complaint, ¶ 21. Plaintiff also alleges that Defendant "Carlton's actions were intentional, willful, and wanton." Plaintiff's Complaint, ¶ 32. Malfeasance is defined as "the willful and intentional act of doing harm." Defendant Officers, police officers employed by the Village of Dolton, are "officers for purposes of the Illinois Survival Act" *Beard*, 563 F.2d at 334.

In her Complaint, Plaintiff alleges that Defendant Officers are police officers who acted willfully, which constitutes malfeasance, to hold them liable for the claims of battery (Counts II and IV) and wrongful death (Count V), for which damages can be recovered pursuant to the Survival Act (755 ILCS 5/27-6). The court in *Padgett v. Riden* held that plaintiff may be able to prove a set of facts consistent with those in the complaint showing that his common law tort action survives plaintiff's death under the "officer malfeasance" provision of the Survival Act, in denying defendant police officer's motion to dismiss the claim. No. 04-cv-4078-JPG, 2005 U.S. Dist. LEXIS 23878 at *4-5 (S.D. Ill. Oct. 13, 2005).

Defendants also argue that the Survival Action (Count VI) is duplicative of the claims brought in Counts I and III (Excessive Force), and V (Wrongful Death). However, the Survival

4

Action is not duplicative of claims brought in Counts I, III, and V, because there is no bar to recovering punitive damages from the officers in their individual, personal capacities for common law battery claims (Counts II and IV) and wrongful death (Count V). The Village of Dolton may be liable for punitive damages under the claims of excessive force (Counts I and III), but the individual Defendant Officers in their personal capacities may be liable for punitive damages under the claims of battery (Counts II and IV) and wrongful death (Count V).

**II.    Plaintiff alleges both wrongful and willful conduct on behalf of Defendant Officers, for which punitive damages may be recoverable in their personal capacities for the tort of battery, through the Survival Act.**

Defendants argue that the prayer for punitive damages for the claims of battery (Counts II and IV) and for wrongful death (Count V) must be stricken because punitive damages are not available under Illinois law in either wrongful death actions or state-law tort actions brought via the Survival Act. However, the Survival Act neither authorizes or prohibits punitive damages, and punitive damages are generally recoverable whenever personal injury results from a defendants' wrongful and willful conduct, as is the case here.

The Survival Act does not create a statutory cause of action, but rather merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before their death. *Estate of Lazar v. City of Ottowa*, No. 81 C 1947, 1983 U.S. Dist. LEXIS 12534 at *5 (N.D. Ill. Oct. 20, 1983). The Survival Act itself neither authorizes nor prohibits punitive damages. *Id*. at *6. It is merely the vehicle by which a cause of action survives the death of the injured person when the action would otherwise have abated at common law. *Id*. Punitive damages are intended to punish an offender and discourage similar offenses, to be awarded whenever an injury results from a defendants' wrongful and willful statutory violation. *Id*.

Additionally, Illinois Pattern Jury Instruction 35.01 – Punitive/Exemplary Damages—Willful and Wanton Conduct – states,

> "In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that [(Defendant's name)] conduct was [fraudulent] [intentional] [willful and wanton] and proximately caused [injury] [damage] to the plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish [(Defendant's name)] and discourage [it/him/her] and others from similar conduct." Illinois Pattern Jury Instruction 35.01.

Furthermore, when determining the application of punitive damages and the reprehensibility of conduct to justify such an award, courts are instructed to consider the following factors, *inter alia*: "(2) whether the tortious conduct evinced an *indifference to or a reckless disregard for* the health and safety of others" *Int'l Union of Operating Eng'rs, Local 150 v. Lowe Excavating Co.*, 225 Ill. 2d 456, 312 Ill. Dec. 238, 870 N.E.2d 303, 313 (2006) (emphasis added).

In this matter, Plaintiff alleges that "[a]s a direct and proximate result of Defendant's *wrongful acts* alleged above, Alexis Wilson died from multiple gunshot wounds." Plaintiff's Complaint, ¶ 49 (emphasis added). Plaintiff also alleges that Defendant "Perez's actions were intentional, *willful*, and wanton" (Plaintiff's Complaint, ¶ 21), and that Defendant "Carlton's actions were intentional, *willful*, and wanton" (Plaintiff's Complaint, ¶ 32) (emphasis added). Plaintiff alleges <u>both wrongful and willful conduct</u> on behalf of Defendant Officers, for which punitive damages may be recoverable for the tort of battery, through the Survival Act, and according to Illinois pattern jury instructions, as well as supporting case law.

Punitive damages for injuries prior to death should be unaffected by the subsequent death of the injured person, for punitive recovery addresses only the nature and gravity of a defendant's wrongful and willful act. *Estate of Lazar*, 1983 U.S. Dist. LEXIS 12534 at **6-7 ("Under the Act,

defendant's punitive liability accrued from the moment decedent sustained personal injury and, upon decedent's death, his right to recovery passed unabated to his estate").

Defendants also argue that because Plaintiff may seek an award of punitive damages on the Section 1983 claims for excessive force, Plaintiff should be barred from seeking punitive damages on the state-law battery and wrongful death claims. However, these claims are not redundant because they differ not only in the damages they seek, but also arguably in the constitutional deprivations on which they are based. *Commerce Bank, N.A. v. Widger*, No. 06-1103, 2007 U.S. Dist. LEXIS 103456 at **4-5 (C.D. Ill. Jan. 8, 2007).

The claim for wrongful death (Count V) implies a protected constitutional interest held by Alexis Wilson's family in their financial and emotional relationship with her. The claims for excessive force (Counts I and III), battery (Counts II and IV), and survival (Count VI), focus solely on Alexis Wilson's protected constitutional interests, seeking recompense for the pain and suffering she endured before her death. Accordingly, Plaintiff should be able to seek both compensatory and punitive damages on all claims.

## Conclusion

Plaintiff alleges sufficient facts to put Defendants on notice of her claims and can make a showing that she is entitled to relief on the claim of Survival (Count VI), and for punitive damages on the claims of battery (Counts II and IV).

Plaintiff has shown that Defendant Officers are police officers who acted willfully, which constitutes malfeasance, to hold them liable for the claims of battery (Counts II and IV) and wrongful death (Count V), for which damages can be recovered pursuant to the Survival Act.

Additionally, Plaintiff alleges wrongful and willful conduct on behalf of Defendant Officers, for which punitive damages may be recoverable for the torts of battery, through the Survival Act.

Wherefore, Plaintiff, Cara Wilson, as Independent Administrator of the Estate of Alexis Wilson, deceased, respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss and to Strike the Requests for Punitive Damages.

          **Respectfully submitted,**

    **By:**    **/s/ *Vincenzo Caporale***
          *One of Plaintiff's Attorneys*

**Vincenzo B. Caporale, #6335651**
**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**e.** vcaporale@kulislawltd.com
**e.** paralegal@kulislawltd.com
**p. (312) 580-1830**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above **Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and to Strike the Requests for Punitive Damages** was filed on October 11, 2022, with the Northern District of Illinois ECF System, serving a copy on all parties.

          s/ *Vincenzo B. Caporale*
          Vincenzo B. Caporale