**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, | ) ) ) | Case No. 1:22-cv-03609 |
| Plaintiff, | ) ) | Judge Sharon J. Coleman |
| v. | ) ) | |
| P.O. RYAN PEREZ and P.O. JARED CARLTON, individually, and the VILLAGE OF DOLTON, a Municipal Corporation, | ) ) ) ) ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, by and through her attorneys, Gregory E. Kulis & Associates, Ltd., and in support of her Complaint against the Defendants, P.O. RYAN PEREZ ("P.O. PEREZ") and P.O. JARED CARLTON ("P.O. CARLTON"), individually, and the VILLAGE OF DOLTON, a municipal corporation, states as follows:

**JURISDICTION & VENUE**

1.      This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson, deceased, accomplished by acts and/or omissions of the Defendants, P.O. RYAN PEREZ and P.O. JARED CARLTON, individually, and VILLAGE OF DOLTON, a municipal corporation, committed under color of law.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 as this matter involves issues of federal law, and supplemental jurisdiction of the State of Illinois.

3.     This Court has personal jurisdiction over Defendants, P.O. RYAN PEREZ and P.O. JARED CARLTON, because they are both employed by the Dolton Police Department, and thereby residents of the State of Illinois.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because all Defendants reside or are located in this district.

**PARTIES**

5.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of Alexis Wilson ("the Plaintiff"), was at all relevant times a resident of Homewood, Illinois.

6.     The Plaintiff, CARA WILSON, is the mother of Alexis Wilson, deceased.

7.     Alexis Wilson was 19 years old at the time of her death.

8.     At all relevant times, Alexis Wilson was a resident of the State of Illinois.

9.     The Defendants, P.O. RYAN PEREZ and P.O. JARED CARLTON, were at all relevant times duly appointed law enforcement officers employed by the Defendant, VILLAGE OF DOLTON, and acting within the scope of their employment and under color of law.

<b>COUNT I – EXCESSIVE FORCE | P.O. PEREZ</b>

10.     The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-9 as his respective allegations of Paragraph 10 as though fully set for herein.

11.     On or about July 27, 2021, Alexis Wilson was driving a vehicle in Dolton, Illinois and went to a drive-thru of Baba's Restaurant.

12.     At Baba's Restaurant, a verbal dispute arose between Alexis Wilson and an employee of Baba's Restaurant.

13.     The Baba's employee called the police.

14.     Dolton Police officers, now known to be Defendants P.O. PEREZ and P.O. CARLTON, arrived at the restaurant and spoke with Alexis Wilson and her passenger.

15.     Defendants ordered Alexis Wilson and her passenger out of the car.

16.     The passenger exited but Alexis Wilson initially refused, informing P.O. PEREZ that she was not properly dressed and questioning why the police were called.

17.     In response to Alexis Wilson's hesitation, Defendant P.O. PEREZ opened the vehicle driver's door and started punching Alexis Wilson.

18.     In fear for her safety, Alexis Wilson began to drive away.

19.     Upon hearing gunfire, P.O. PEREZ fired his weapon several times in the direction of Alexis Wilson.

20.     Alexis Wilson's actions did not cause any imminent risk of serious or deadly harm to P.O. PEREZ or any other person.

21.     Said use of force was unprovoked and unwarranted.

22.     Defendant P.O. PEREZ's actions were intentional, willful, and wanton.

23.     As a result of the actions of the Defendant P.O. PEREZ, Alexis Wilson was physically injured.

24.     Said actions of the Defendant P.O. PEREZ were in violation of Alexis Wilson's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

25.     As a result of said actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced pain, suffering, fear, anxiety, and emotional distress.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, prays for judgment in her favor and against the Defendant, P.O. RYAN PEREZ, individually, in an amount of fair and reasonable compensatory damages, reasonable punitive damages, plus attorneys' fees and costs.

## COUNT II – BATTERY | STATE LAW | P.O. PEREZ

26.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-25 as her respective allegations of Paragraph 26 of Count II as though fully set forth herein.

27.     Defendant P.O. PEREZ's actions constitutes battery under Illinois law.

28.     As a result of the actions of the Defendant P.O. PEREZ, the decedent, Alexis Wilson, experienced physical injuries, pain and suffering, emotional distress and fear.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, prays for judgment in her favor and against the Defendant, P.O. RYAN PEREZ, for fair and reasonable compensatory damages, punitive damages, and costs.

## COUNT III – EXCESSIVE FORCE | P.O. CARLTON

29.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-9 as her respective allegations of Paragraph 29 of Count III as though fully set forth herein.

30.     In response to Alexis Wilson's attempts to drive away, the Defendant P.O. CARLTON fired his gun at Alexis Wilson.

31.     Defendant P.O. Carlton fired his weapon several times at Alexis Wilson.

32.     Alexis Wilson's reaction in pulling away did not warrant the use of deadly force.

33.     Defendant P.O. CARLTON's actions were intentional, willful, and wanton.

34.     Said use of deadly force was unprovoked and unwarranted.

35.     Said use of deadly force was disproportional to the circumstances.

36.     Said actions of P.O. CARLTON were the cause of Alexis Wilson's death.

37.     The actions of P.O. CARLTON were unreasonable.

38.     The actions of P.O. CARLTON were excessive.

39.     Subsequently, the VILLAGE OF DOLTON fabricated a story to cover up the unlawful acts of its officers, P.O. CARLTON and P.O. PEREZ.

40.     Said actions of P.O. CARLTON violated Alexis Wilson's Fourth and Fourteenth Amendment rights.

41.     As a result of Defendant P.O. CARLTON's actions, the decedent, Alexis Wilson, experienced pain and suffering, loss of life, monetary loss, fear and anxiety.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, prays for judgment in her favor and against the Defendant, P.O. JARED CARLTON, individually, in an amount of fair and reasonable compensatory damages in excess of One Million Dollars ($1,000.000.00), reasonable punitive damages, plus attorneys' fees and costs.

## COUNT IV – BATTERY | STATE LAW | P.O. CARLTON

42.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-9 and paragraphs 30-41 as her respective allegations of Paragraph 42 of Count IV as though fully set forth herein.

43.     The actions of P.O. CARLTON constitute battery under Illinois law.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, prays for judgment in her favor and against the Defendant, P.O. JARED CARLTON, individually, in an amount of fair and reasonable compensatory damages and reasonable punitive damages.

## COUNT V – WRONGFUL DEATH | P.O. PEREZ

44.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-28 as her respective allegations of Paragraph 44 of Count V as though fully set forth herein.

45.     Cara Wilson is the mother of Alexis Wilson, deceased.

46.     Alonzo Wilson is the father of Alexis Wilson, deceased.

47.     Cara Wilson and Alonzo Wilson are the primary beneficiaries in this action pursuant to 755 ILCS 5/2-1.

48.     In addition to Cara and Alonzo Wilson, the following persons may be entitled by law to recover damages: Christian Ellis, Aliyah Wilson, Alonzo Wilson Jr., and Jasmine Wilson-Williams.

49.     On or about July 27, 2021, Defendant P.O. PEREZ's actions caused and/or greatly contributed to the wrongful death of Alexis Wilson, in violation of ILCS 740 ILCS 180/1 et. seq. when Defendant P.O. PEREZ discharged his firearm at Alexis Wilson.

50.     As a direct and proximate result of Defendant's wrongful acts as alleged above, Alexis Wilson died from multiple gunshot wounds.

51.     As a result, Alexis Wilson suffered loss of life, loss of enjoyment of life, pain and suffering, and monetary loss.

52.     As a direct and proximate result of the wrongful death of Alexis Wilson, Cara Wilson and Alonzo Wilson sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, and loss of filial care.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, prays for judgment in her favor and against the Defendant, P.O. RYAN PEREZ, for fair and reasonable compensatory damages and punitive damages.

**COUNT VI – WRONGFUL DEATH | P.O. CARLTON**

53.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-9 and 30-43 as her respective allegations of Paragraph 53 of Count VI as though fully set forth herein.

54.     Cara Wilson is the mother of Alexis Wilson, deceased.

55.     Alonzo Wilson is the father of Alexis Wilson, deceased.

56.     Cara Wilson and Alonzo Wilson are the primary beneficiaries in this action pursuant to 755 ILCS 5/2-1.

57.     In addition to Cara and Alonzo Wilson, the following persons may be entitled by law to recover damages: Christian Ellis, Aliyah Wilson, Alonzo Wilson Jr., and Jasmine Wilson-Williams.

58.     On or about July 27, 2021, Defendant P.O. CARLTON's actions caused the wrongful death of Alexis Wilson, in violation of ILCS 740 ILCS 180/1 et. seq. when Defendant P.O. CARLTON discharged his firearm at Alexis Wilson.

59.     As a direct and proximate result of Defendant's wrongful acts as alleged above, Alexis Wilson died from multiple gunshot wounds.

60.     As a result, Alexis Wilson suffered loss of life, loss of enjoyment of life, pain and suffering, and monetary loss.

61.     As a direct and proximate result of the wrongful death of Alexis Wilson, Cara Wilson and Alonzo Wilson sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, and loss of filial care.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, prays for judgment in her favor and against the Defendant, P.O. JARED CARLTON, for fair and reasonable compensatory damages and punitive damages.

## COUNT VII – SURVIVAL ACTION

62.     The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, hereby realleges and incorporates her allegations of paragraphs 1-61 as her respective allegations of Paragraph 62 of Count VII as though fully set forth herein.

63.     After Alexis Wilson was shot, she survived for a period of time before she died.

64.     As a direct and proximate cause of the conduct of the Defendants P.O. CARLTON and PEREZ, the decedent, Alexis Wilson, suffered pain and suffering, mental trauma, fear, anxiety, monetary loss, and eventually death.

65.     This cause of action arises under the Survival Act, codified at 755 ILCS 5/27-6, and is brought by CARA WILSON, as Independent Administrator for the Estate of ALEXIS WILSON, deceased, within one (1) year from the date of death of the decedent to recover damages suffered by the decedent prior to her death.

WHEREFORE, the Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, prays for judgment in her favor and against the Defendant P.O. JARED CARLTON and RYAN PEREZ for fair and reasonable compensatory damages and punitive damages.

## COUNT VIII – INDEMNIFICATION

66.     The Plaintiff, CARA WILSON, on behalf of the Estate of Alexis Wilson, deceased, hereby re-alleges and incorporates all her allegations of Counts I through VII as her respective allegations of Paragraph 66 of Count VIII as though fully set forth herein.

67.     Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

68.     Defendants P.O. PEREZ and P.O. CARLTON were, in July 2021, employees of the VILLAGE OF DOLTON Police Department.

69.     In the above-described events, Defendants P.O. PEREZ and P.O. CARLTON acted within the scope of their employment.

70.     If Defendants P.O. PEREZ and P.O. CARLTON are found liable for any of the acts alleged above, the Defendant VILLAGE OF DOLTON would be liable to pay the Plaintiff any judgment obtained against Defendants P.O. PEREZ and P.O. CARLTON.

WHEREFORE, should the individual Defendants, P.O. PEREZ and P.O. CARLTON, be found liable for any of the acts alleged above, the Defendant, VILLAGE OF DOLTON, would be liable to pay the Plaintiff, CARA WILSON, on behalf of the Estate of Alexis Wilson, any judgment obtained against the Defendants plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff, CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, hereby requests a trial by jury.

Respectfully submitted,

CARA WILSON, as Independent
Administrator of the Estate of ALEXIS
WILSON

By: _____
Gregory E. Kulis

Gregory E. Kulis (Firm. No. 70798)
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602-3368
p. (312) 580-1830 / f. (312) 580-1839
e. service@kulislawltd.com
Pursuant to Illinois Supreme Court Rules 11(b)(6) and 131(d)(1) e-service is accepted solely at service@kulislawltd.com.