UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARA WILSON, as Independent Administrator of the Estate of ALEXIS WILSON, deceased, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-03609 |
| v. | ) ) ) | |
| P.O. RYAN PEREZ and P.O. JARED CARLTON, individually, and the VILLAGE OF DOLTON, a Municipal Corporation, | ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants P.O. Ryan Perez, P.O. Jared Carlton, and the Village of Dolton's (the "Village") motion to dismiss Count VII (Survival Claim) and to strike requests for punitive damages in Counts II, IV, V and VI from the first amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the following reasons, the Court grants defendants' motion and dismisses Count VII and strikes plaintiff's request for punitive damages for Counts II, IV, V, and VI [48].

**BACKGROUND**

Plaintiff Cara Wilson is the Independent Administrator of her daughter, Alexis Wilson's, estate. Cara Wilson filed suit in federal court against P.O. Ryan Perez and P.O. Jared Carlton, law enforcement officers employed by the Village, for their allegedly unlawful actions that resulted in her daughter's death. In her complaint, Cara Wilson brings Section 1983 excessive force claims against both officers (Counts I and III), state law battery claims against both officers (Counts II and IV), state law wrongful death claims against both officers (Counts V and VI), a state law Survival Action claim (Count VII), and an indemnification claim against the Village of Dolton (Count VIII). Cara Wilson seeks compensatory and punitive damages on all counts.

1

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

**DISCUSSION**

Defendants argue that the Court should dismiss plaintiff's count VII, her Survival Action claim, as well as her requests for punitive damages for Counts II, IV, V, and VI (collectively her "state law claims"). The Court addresses each argument in turn.

<u>Count VII: The Survival Action</u>

Defendants argue that plaintiff's "Survival Action" claim must be dismissed not because it is factually insufficient, but rather because no such independent cause of action exists under Illinois or federal law. The Illinois Survival Act provides for the survival of "actions to recover damages for an injury to the person" as well as "actions against officers for misfeasance, malfeasance, nonfeaseance of themselves or their deputies." 755 ILCS 5/27-6. Defendants maintain that this law is simply the conduit through which plaintiff can bring her other state law personal injury claims, but is not itself a standalone claim. Plaintiff does not directly address this argument and instead points to the factual sufficiency of her allegations.

The Illinois Supreme Court established that "[t]he Survival Act does not create a statutory cause of action [but] merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before [s]he died." *Nat'l Bank of Bloomington v. Norfolk & W. Ry. Co.*, 383 N. E. 2d 919, 923, 73 Ill. 2d 160, 172 (1978). Claims brought pursuant to the Survival Act are different from Wrongful Death claims, which allow a plaintiff to recover for injuries she herself faced because of the decedent's death. *See Ocasio v. Village of North Aurora*, No. 20 cv 4908, 2022 WL 16540198, at *3 (N.D. Ill. Oct. 28, 2022) (Tharp, J.) (distinguishing between Survival Act and Wrongful Death Act claims). The Court understands that plaintiff's battery claims, which encompass injuries that occurred prior to Alexis Wilsons's death, survive because of the Illinois Survival Act.[1] The Court thus dismisses Count VII because it is framed as its own cause of action and does not provide an independent ground upon which this Court can grant plaintiff relief. Instead, the Court grants leave for Cara Wilson to amend her complaint to make clear that her other legal theories are preserved through the Survival Act.

Plaintiff's Request for Punitive Damages for her State Law Claims

Defendants request that the Court dismiss, or strike, plaintiff's request for punitive damages for her state law claims, arguing that the Illinois Survival and Wrongful Death acts do not allow for recovery of punitive damages. Plaintiff maintains that because punitive damages are typically recoverable when defendants demonstrated willful and wanton conduct (which are allegations made in this case), her request for punitive damages should survive along with her state law claims.

Illinois law limits recovery of punitive damages in survival and wrongful death actions. *See in re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 644 F.2d 594, 605 (7th Cir. 1981) ("The Illinois Supreme Court has clearly held that Illinois does not permit the recovery of punitive damages in a

---

[1] The Section 1983 claims also survive, in part, because of the Survival Act. *See Spence v. Staras*, 507 F.2d 554, 557 (7th Cir. 1974).

wrongful death action."); *Vincent v. Alden-Park Strathmoor, Inc.*, 948 N. E. 2d 610, 615, 241 Ill.2d 495, 504 (2011) ("That the right to recover common law punitive damages abates upon the death of the injured party has not been altered by the Survival Act"). The Illinois Supreme Court further clarified that "[f]or a punitive damage claim to survive, the award of such damages must be expressly authorized by the statute on which the cause of action is predicated." *Vincent*, 948 N. E. 2d at 615. Furthermore, although punitive damages can be awarded when "strong equitable considerations" permit their survival, this exception is limited. *See Hahn v. Garrison*, No. 13 C 3778, 2014 WL 6982662, at *3 (Dec. 9, 2014) (Cox, M.J.) (discussing how the Illinois Supreme Court has not allowed for punitive damages when compensatory damages are available). Plaintiff has not argued that punitive damages are authorized by statute or explained how strong equitable considerations allow her to recover punitive damages. Therefore, because the Court does not see a basis for punitive damages for her state law claims, the Court grants defendants' motion and will strike plaintiff's requests for punitive damages in Counts II, IV, V, and VI.

**CONCLUSION**

For the above reasons, the Court grants defendants' motion in its entirety. Plaintiff is given 30 days to amend her complaint consistent with this Opinion.

**IT IS SO ORDERED**.

Date: 4/20/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge